# MANAGEMENT AGREEMENT

Robert MacDonald, Jr. ("MacDonald") and Travinia Italian Kitchen Holdings, Inc. ("Owner") hereby enter a Management Agreement ("Agreement") made this 6th day of March, 2019 at 12:00 noon Eastern Standard Time (the "Effective Date").

**WHEREAS,** Owner represents that it owns and operates three (3) restaurants identified as: 1) Travinia Italian Kitchen at Leesburg, LLC ("Leesburg"); 2) Travinia Italian Kitchen at Charlottesville, LLC ("Charlottesville"); and 3) Travinia Italian Kitchen at Richmond, LLC ("Richmond"). (collectively, "Restaurants");

**WHEREAS,** MacDonald is currently employed by Owner in the management of Leesburg and is familiar with the necessary management services and operations associated with the Restaurants;

**WHEREAS,** the parties acknowledge that Owner, Leesburg, Charlottesville, and Richmond intend to file Chapter 7 bankruptcies (the "Bankruptcies") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court") on March 6, 2019;

**WHEREAS,** MacDonald intends to make a good faith offer to purchase the business assets of the Restaurants once the Bankruptcies are filed;

**WHEREAS,** the purpose of this Agreement is to preserve the assets of the Restaurants so that the Restaurants can be sold through the Bankruptcies to either MacDonald or the highest bidder, and, during the course of this Agreement, MacDonald agrees that he will make his best efforts and act in good faith while managing the Restaurants; and

**WHEREAS,** MacDonald agrees to manage the Restaurants until such time as he is able to finalize a purchase of the Restaurants or until the Agreement is terminated pursuant to the terms set forth herein.

NOW THEREFORE, the parties agree as follows:

**I.     Scope of Management Services.** MacDonald will provide management services and oversee all operations to Owner for the Restaurants.

    A.     These management services shall be broadly defined as including any and all services and tasks associated with operating a restaurant, including funding and paying all bills associated with the operations of the Restaurants, and continue the relationships with the necessary vendors, as MacDonald deems necessary. Once the Bankruptcies are filed, MacDonald will report to the Chapter 7 Trustee appointed in the Bankruptcies, as required.

    B.     The parties shall conduct an inventory of the Restaurants on the Effective Date. MacDonald agrees that, after the Effective Date, he will maintain the inventory of

each Restaurant at a level commensurate with the level of inventory as of the Effective Date.

C. On the Effective Date, the employees of the Restaurants shall be terminated effective immediately and shall become employees of MacDonald or a MacDonald affiliate. After the Effective Date and until the termination of this Agreement, MacDonald shall be the sole employer of the employees and shall solely responsible for the hiring and firing of employees and/or management as he deems necessary.

D. Pursuant to this Agreement, MacDonald agrees to pay all expenses of the Restaurants from the Effective Date until termination of this Agreement that arise from the operations of the Restaurants, including, but not limited to, accrued payroll (including any payroll accrued prior to the Effective Date but not becoming due until after the Effective Date); any post petition rent that arises or becomes due in the Bankruptcies, including, but not limited to, any stub rent; and any post petition claims of the vendors of the Restaurants that arises .

**II.     Duration of Services Provided.** MacDonald will provide these management services for the Restaurants identified herein for a period beginning on the Effective Date and ending with the occurrence of any of the following events: (1) the sale of the Restaurants pursuant to 11 U.S.C. § 363 of the United States Bankruptcy Code; (2) upon the entry of an order of the Bankruptcy Court rejecting or denying this Agreement; (3) upon the entry of an order of the Bankruptcy Court denying the assumption of this Agreement by the Chapter 7 Trustee for the Restaurants pursuant to 11 U.S.C. § 365; (4) upon the entry of any other order of the Bankruptcy Court terminating the Agreement; or (5) upon one day's written notice of termination given by any of the parties hereto (the term "parties" shall include the Chapter 7 Trustee once the Bankruptcies are filed). Notwithstanding any of the foregoing, this Agreement shall terminate at 10:00 PM Eastern Standard Time on March 6, 2019 if the Bankruptcies have not been filed.

**III.    Compensation.**

A. MacDonald's sole compensation and consideration for providing the management services and additional capital to operate the Restaurants, as set forth in this Agreement, shall be the net profits generated by the operations of the Restaurants from the Effective Date until termination of this Agreement

B. MacDonald acknowledges that the compensation set forth in this section is due and payable only from the net profits generated by the operations of the Restaurants after the Effective Date and shall not be an expense of the Bankruptcies. In the event that the post petition operations of the Restaurants do not provide sufficient net profits to reimburse MacDonald or generate a net profit, MacDonald agrees that he shall not have a claim against the bankruptcy estates of the Restaurants and that he will not seek approval of a claim in the Bankruptcies for any unpaid compensation.

## IV. **Miscellaneous**

    A.    MacDonald agrees to provide up to Forty Thousand ($40,000.00) Dollars for use within this Agreement as needed. The net profits generated by the operations of the Restaurants from the Effective Date until termination of this Agreement shall be used as the sole method of reimbursing MacDonald for any amounts advanced by MacDonald pursuant to this arrangement.

    B.    MacDonald acknowledges that the amounts referenced in the preceding paragraph are not an extension of credit to the bankruptcy estates of the Restaurants and agrees that his only source of reimbursement for advancing funds pursuant to the preceding paragraph is the net profits generated by the ongoing operations of the Restaurants after the Effective Date. In the event that the post petition operations of the Restaurants do not provide sufficient proceeds to reimburse MacDonald for any advances made pursuant to the preceding paragraph, MacDonald agrees that he shall not have a claim against the bankruptcy estates of the Restaurants and that he will not seek approval of a claim in the Bankruptcies for any unpaid advances made pursuant to the preceding paragraph.

    C.    The parties acknowledge that, once the Bankruptcies are filed, the continuation of this Agreement might be contingent upon approval by the Bankruptcy Court. If the Bankruptcy Court enters an order either rejecting this Agreement, denying assumption of this Agreement, or terminating this Agreement, the parties acknowledge that the terms herein are no longer of any force or effect.

    D.    This Agreement constitutes the entire and only agreement between the parties with respect to the subject matter hereof, and the parties hereby expressly agree that any and all other understandings or agreements heretofore had by them with respect to the subject matters covered herein, whether oral or written, are superseded by, and merged into, this Agreement which fully and completely expresses the parties' agreement.

    E.    This Agreement may not be amended, modified, or altered orally. No amendment to, modification of, or alteration to this Agreement shall be effective unless it is made in writing and signed by the duly authorized representatives of each and every party to this Agreement.

**V.    Governing Law**: This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia. Once the Bankruptcies are filed, this Agreement shall also be construed in accordance with the provisions of the United States Bankruptcy Code, without regard to the conflicts of laws principles thereof. The parties acknowledge and agree that, once the Bankruptcies are filed, the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the parties with respect to this Agreement.

**IN WITNESS WHEREOF** the parties hereto have hereunto set their hands and seals the day, month and year first above written.

_____
Robert MacDonald, Jr.


Date: March 5, 2019



TRAVINIA ITALIAN KITCHEN AT LEESBURG, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By: _____
        Mark Craig
    Its:   Chief Executive Officer
    Date: March ___, 2019



TRAVINIA ITALIAN KITCHEN AT CHARLOTTESVILLE, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By: _____
        Mark Craig
    Its:   Chief Executive Officer
    Date: March ___, 2019



TRAVINIA ITALIAN KITCHEN AT RICHMOND, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By: _____
        Mark Craig
    Its:   Chief Executive Officer
    Date: March ___, 2019

TRAVINIA KITCHEN HOLDINGS, INC.

By: _____
     Mark Craig
Its:   Chief Executive Officer
Date: March __, 2019

## MANAGEMENT AGREEMENT

Robert MacDonald, Jr. ("MacDonald") and Travinia Italian Kitchen Holdings, Inc. ("Owner") hereby enter a Management Agreement ("Agreement") made this 6th day of March, 2019 at 12:00 noon Eastern Standard Time (the "Effective Date").

**WHEREAS,** Owner represents that it owns and operates three (3) restaurants identified as: 1) Travinia Italian Kitchen at Leesburg, LLC ("Leesburg"); 2) Travinia Italian Kitchen at Charlottesville, LLC ("Charlottesville"); and 3) Travinia Italian Kitchen at Richmond, LLC ("Richmond"). (collectively, "Restaurants");

**WHEREAS,** MacDonald is currently employed by Owner in the management of Leesburg and is familiar with the necessary management services and operations associated with the Restaurants;

**WHEREAS,** the parties acknowledge that Owner, Leesburg, Charlottesville, and Richmond intend to file Chapter 7 bankruptcies (the "Bankruptcies") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court") on March 6, 2019;

**WHEREAS,** MacDonald intends to make a good faith offer to purchase the business assets of the Restaurants once the Bankruptcies are filed;

**WHEREAS,** the purpose of this Agreement is to preserve the assets of the Restaurants so that the Restaurants can be sold through the Bankruptcies to either MacDonald or the highest bidder, and, during the course of this Agreement, MacDonald agrees that he will make his best efforts and act in good faith while managing the Restaurants; and

**WHEREAS,** MacDonald agrees to manage the Restaurants until such time as he is able to finalize a purchase of the Restaurants or until the Agreement is terminated pursuant to the terms set forth herein.

NOW THEREFORE, the parties agree as follows:

**I.    Scope of Management Services.** MacDonald will provide management services and oversee all operations to Owner for the Restaurants.

   A.    These management services shall be broadly defined as including any and all services and tasks associated with operating a restaurant, including funding and paying all bills associated with the operations of the Restaurants, and continue the relationships with the necessary vendors, as MacDonald deems necessary. Once the Bankruptcies are filed, MacDonald will report to the Chapter 7 Trustee appointed in the Bankruptcies, as required.

   B.    The parties shall conduct an inventory of the Restaurants on the Effective Date. MacDonald agrees that, after the Effective Date, he will maintain the inventory of

each Restaurant at a level commensurate with the level of inventory as of the Effective Date.

C.   On the Effective Date, the employees of the Restaurants shall be terminated effective immediately and shall become employees of MacDonald or a MacDonald affiliate. After the Effective Date and until the termination of this Agreement, MacDonald shall be the sole employer of the employees and shall solely responsible for the hiring and firing of employees and/or management as he deems necessary.

D.   Pursuant to this Agreement, MacDonald agrees to pay all expenses of the Restaurants from the Effective Date until termination of this Agreement that arise from the operations of the Restaurants, including, but not limited to, accrued payroll (including any payroll accrued prior to the Effective Date but not becoming due until after the Effective Date); any post petition rent that arises or becomes due in the Bankruptcies, including, but not limited to, any stub rent; and any post petition claims of the vendors of the Restaurants that arises .

**II.   Duration of Services Provided.** MacDonald will provide these management services for the Restaurants identified herein for a period beginning on the Effective Date and ending with the occurrence of any of the following events:  (1) the sale of the Restaurants pursuant to 11 U.S.C. § 363 of the United States Bankruptcy Code; (2) upon the entry of an order of the Bankruptcy Court rejecting or denying this Agreement; (3) upon the entry of an order of the Bankruptcy Court denying the assumption of this Agreement by the Chapter 7 Trustee for the Restaurants pursuant to 11 U.S.C. § 365; (4) upon the entry of any other order of the Bankruptcy Court terminating the Agreement; or (5) upon  one day's written notice of termination given by any of the parties hereto (the term "parties" shall include the Chapter 7 Trustee once the Bankruptcies are filed). Notwithstanding any of the foregoing, this Agreement shall terminate at 10:00 PM Eastern Standard Time on March 6, 2019 if the Bankruptcies have not been filed.

**III.   Compensation.**

A.   MacDonald's sole compensation and consideration for providing the management services and additional capital to operate the Restaurants, as set forth in this Agreement, shall be the net profits generated by the operations of the Restaurants from the Effective Date until termination of this Agreement

B.   MacDonald acknowledges that the compensation set forth in this section is due and payable only from the net profits generated by the operations of the Restaurants after the Effective Date and shall not be an expense of the Bankruptcies. In the event that the post petition operations of the Restaurants do not provide sufficient net profits to reimburse MacDonald or generate a net profit, MacDonald agrees that he shall not have a claim against the bankruptcy estates of the Restaurants and that he will not seek approval of a claim in the Bankruptcies for any unpaid compensation.

IV. **Miscellaneous**

    A.    MacDonald agrees to provide up to Forty Thousand ($40,000.00) Dollars for use within this Agreement as needed. The net profits generated by the operations of the Restaurants from the Effective Date until termination of this Agreement shall be used as the sole method of reimbursing MacDonald for any amounts advanced by MacDonald pursuant to this arrangement.

    B.    MacDonald acknowledges that the amounts referenced in the preceding paragraph are not an extension of credit to the bankruptcy estates of the Restaurants and agrees that his only source of reimbursement for advancing funds pursuant to the preceding paragraph is the net profits generated by the ongoing operations of the Restaurants after the Effective Date. In the event that the post petition operations of the Restaurants do not provide sufficient proceeds to reimburse MacDonald for any advances made pursuant to the preceding paragraph, MacDonald agrees that he shall not have a claim against the bankruptcy estates of the Restaurants and that he will not seek approval of a claim in the Bankruptcies for any unpaid advances made pursuant to the preceding paragraph.

    C.    The parties acknowledge that, once the Bankruptcies are filed, the continuation of this Agreement might be contingent upon approval by the Bankruptcy Court. If the Bankruptcy Court enters an order either rejecting this Agreement, denying assumption of this Agreement, or terminating this Agreement, the parties acknowledge that the terms herein are no longer of any force or effect.

    D.    This Agreement constitutes the entire and only agreement between the parties with respect to the subject matter hereof, and the parties hereby expressly agree that any and all other understandings or agreements heretofore had by them with respect to the subject matters covered herein, whether oral or written, are superseded by, and merged into, this Agreement which fully and completely expresses the parties' agreement.

    E.    This Agreement may not be amended, modified, or altered orally. No amendment to, modification of, or alteration to this Agreement shall be effective unless it is made in writing and signed by the duly authorized representatives of each and every party to this Agreement.

V.    **Governing Law**: This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia. Once the Bankruptcies are filed, this Agreement shall also be construed in accordance with the provisions of the United States Bankruptcy Code, without regard to the conflicts of laws principles thereof. The parties acknowledge and agree that, once the Bankruptcies are filed, the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the parties with respect to this Agreement.

**IN WITNESS WHEREOF** the parties hereto have hereunto set their hands and seals the day, month and year first above written.

_____
Robert MacDonald, Jr.

Date: March __, 2019

TRAVINIA ITALIAN KITCHEN AT LEESBURG, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By:   _____
         Mark Craig
    Its:   Chief Executive Officer
    Date: March 5, 2019

TRAVINIA ITALIAN KITCHEN AT CHARLOTTESVILLE, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By:   _____
         Mark Craig
    Its:   Chief Executive Officer
    Date: March 5, 2019

TRAVINIA ITALIAN KITCHEN AT RICHMOND, LLC

By:   Travinia Italian Kitchen Holdings, Inc., Sole Member/Manager

    By:   _____
         Mark Craig
    Its:   Chief Executive Officer
    Date: March 5, 2019

TRAVINIA KITCHEN HOLDINGS, INC.

By: _____
     Mark Craig
Its: Chief Executive Officer
Date: March 5, 2019